UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOSE MISAEL JAIMES,**
          **Petitioner,**

    v.                                          **Case No. 07C0543**

**ROBERT HUMPHREYS,**
          **Respondent.**

---

**DECISION AND ORDER**

On June 13, 2007, Jose Misael Jaimes filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted after a jury trial of two counts of delivering cocaine as a party to the crime and sentenced to 15 years in prison followed by 10 years of extended supervision. Petitioner is currently incarcerated at Racine Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner raises three grounds for relief. First, he asserts that his conviction violated the Constitution's Double Jeopardy Clause because his first trial ended in a mistrial due to actions of the prosecution. Second, petitioner asserts that, during closing

dockets.Justia.com

arguments, the prosecution commented to the jury about petitioner's right to remain silent, in violation of petitioner's constitutional right against self-incrimination.  Third, petitioner asserts that the prosecution's closing argument misrepresented to the jury legal and factual matters in violation of his right to due process of law.  Each of these claims is cognizable in a habeas corpus petition.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer,  this briefing schedule will be suspended and the briefing schedule will be as follows:  (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply:  briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 15 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge